IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UDEME EDOHO-EKET, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:16-cv-03260 |
| | ) | JUDGE CRENSHAW |
| ALASTAIR PERRYMAN *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Udeme Edoho-Eket, proceeding *pro se*, has filed a civil rights complaint against Defendants Alastair Perrymam; Davidson County Juvenile Court Judge Sheila Calloway; the Tennessee Department of Children's Services, Child Support Enforcement; Vanderbilt University employees Morgan Smith, Jeffrey Levy, Jill Overton, Carrie Mason and the Nashville Police Department. (Doc. No. 1.) Additionally, Plaintiff has applied to proceed *in forma pauperis*. (Doc. No. 2)

Because it is apparent from the Plaintiff's application that she lacks sufficient resources from which to pay the required filing fee, her application to proceed *in forma pauperis* (Doc. No. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. Begola v. Brown, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199

(2007)). The Court must construe a *pro se* plaintiff's complaint liberally, Boag v. McDaniel, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, the Plaintiff's action will be dismissed because the Court lacks standing to consider her claims, and even if the Court had standing, Plaintiff fails to state a claim upon which relief may be granted and sues a defendant who is immune from suit.

**I.     FACTUAL ALLEGATIONS**

It is virtually impossible to follow the factual allegations in Plaintiff's complaint. Her complaint appears to cover events that occurred in 2013, 2014 and 2015, although the allegations are not in chronological order. The allegations appear to relate to events that took place in connection with a custody case involving Plaintiff's son, which appears to have been decided by Judge Calloway of the Davidson County Juvenile Court in 2013. Plaintiff largely claims violations of a multitude of state laws, although at various points in the complaint she cites to the First, Eighth, Ninth and Fourteenth Amendment, as well as 42 U.S.C. §16911 et seq..[1]

As relief, Plaintiff seeks 27 billion dollars in damages, an injunction prohibiting the enforcement of the sole custody agreement entered June 24, 2013, criminal charges against various defendants, removal of Judge Calloway, disciplinary charges against various defendants and a change of venue with respect to all family law cases in Davidson County.

**II.     STANDARD OF REVIEW**

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on

---

[1] 42 U.S.C. §16911 govern Sex Offender Registration and Notification. It is entirely unclear why Plaintiff claims defendants violated this statute.

which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for the plaintiff. Clark v. Nat'l Travelers Life Ins. Co.*,* 518 F.2d 1167, 1169 (6th Cir. 1975); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out

3

in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

**III. DISCUSSION**

The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. United States v. Horizon Healthcare, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. See City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973); Norris v. Schotten, 146 F.3d 314, 324 (6th Cir. 1998); Mickler v. Nimishillen & Tuscarawas Ry. Co., 13 F.3d 184, 189 (6th Cir. 1993).

To the extent that Plaintiff alleges that the state court decision deciding who would have sole custody of her son caused the injury about which she complains, this Court lacks subject matter jurisdiction over Plaintiff's action. A federal district court has no authority to review final judgments of state-court judicial proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Gottfried v. Med. Planning Servs., Inc., 142 F.3d 326, 330 (6th Cir.1998).

In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005), the Supreme Court explained that:

> The Rooker-Feldman doctrine . . . [applies to] . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Id. at 284. Since Exxon, the Sixth Circuit has held that the pertinent inquiry focuses on

> the source of the injury the plaintiff alleges in the federal complaint. If the

4

source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

McCormick, 451 F.3d at 393 (emphasis added); *see also Coles*, 448 F.3d at 858 (noting that we "have taken the Supreme Court's guidance on the application of Rooker-Feldman and applied the doctrine only when a plaintiff complains of injury from the state court judgment itself").

Because the Rooker-Feldman doctrine precludes this Court from reviewing state court judgments, to the extent that Plaintiff claims that the state court's custody determination is the source of her injury, this action must be dismissed for lack of subject matter jurisdiction. See McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).

Even if the Court had subject matter jurisdiction to consider this action, it would still have to be dismissed because Plaintiff fails to state a claim upon which relief may be granted and sues a defendant who is immune from suit.

Plaintiff sues Judge Calloway in connection with her decision regarding the custody of Plaintiff's son.

Generally, a judge is absolutely immune from a suit for monetary damages. Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (recognizing that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); Barrett v. Harrington, 130 F.3d 246, 254 (6th Cir. 1997); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. Mireles, 502 U.S. at 11; see Forrester v. White, 484 U.S. 219, 229 (1988) (noting that immunity is

5

grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireles, 502 U.S. at 12.

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that adjudicating a custody petition was a judicial act and Plaintiff does not suggest that Judge Calloway was acting without jurisdiction to do so.

Injunctive relief is also not available against Judge Calloway because injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; accord Savoie v. Martin, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, Plaintiff's claim for injunctive relief is barred. Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999).

Based on the foregoing, Judge Calloway is absolutely immune from liability.

Moreover, even if Judge Calloway were not immune, the complaint would still have to be dismissed against all defendants because it fails to state any claims upon which relief may be granted. The Court is unable to understand the allegations contained in Plaintiff's complaint. While the complaint is legible, the words do not form coherent sentences or convey clear thoughts. Because the Court is unable to decipher Plaintiff's prose, her complaint necessarily lacks an arguable basis either in law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir. 1990); see also Parker v. Parker International/Parker Tobacco Company, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990) (finding no error where district court dismissed complaint which "presented a variety of

6

incoherent claims" and where the Sixth Circuit, despite giving plaintiff's complaint the most liberal construction, failed to find that a cause of action had been alleged.) Additionally, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8; see also Parker, 1990 WL 63523, at *1. Even giving the most liberal construction to Plaintiff's complaint, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged.

Finally, to the extent that any of Plaintiff's factual allegations can be understood, Plaintiff fails in any meaningful way to connect each defendant with conduct that she alleges violated her constitutional rights. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. See Twombly, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. See Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Consequently, Plaintiff's complaint must be dismissed because she fails to state any claims upon which relief may be granted.

## IV. CONCLUSION

To the extent that the Plaintiff claims that the state court's decision determining custody of her son is the source of her injury, her complaint must be dismissed because the Court lacks subject matter jurisdiction. Even if the Court had subject matter jurisdiction, however, this action would still be dismissed because Plaintiff has failed to state a claim upon which relief may be granted and because Plaintiff has sued a defendant who is immune from suit. 28 U.S.C. §

1915(e)(2)(B)(ii) and (iii); cf. Brewer v. Cleveland Mun. Sch. Dist., 84 F. App'x 570, 571-73 (6th Cir. 2003) (affirming a district court's dismissal under § 1915(e)(2) of a complaint filed by a non-prisoner who was proceeding *in forma pauperis*). For the same reasons that the Court dismisses this action, the Court finds that an appeal of this action would not be taken in good faith. The Court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff will not be granted leave by this Court to proceed on appeal *in forma pauperis*.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE